```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**NANCY DUVALL**                                                    **PLAINTIFF**

          v.            Civil No. 05-5001

**CITY OF ROGERS, ARKANSAS**                                        **DEFENDANT**

                           **O R D E R**

Now on this 11th day of April, 2006, comes on for consideration **Plaintiff's Motion For Attorney Fees And Prejudgment Interest** (document #38), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1. Plaintiff brought suit pursuant to **42 U.S.C. §1983**, alleging that her due process rights were violated when the City of Rogers condemned and then damaged property owned by her without proper notice to her and without proper compensation therefor.

Following a jury trial, Judgment was entered in plaintiff's favor on January 25, 2006, in the sum of $50,250.00. Plaintiff now moves for an additional award of attorney's fees and prejudgment interest.

2. Plaintiff's request for attorney's fees is authorized by **42 U.S.C. §1988**, which provides that the Court has discretion to award a reasonable attorney's fee to the prevailing party in a suit brought pursuant to **§1983.**

Defendant does not deny that plaintiff has a right to an attorney's fee in some amount, but questions the reasonableness of

the total bill.  It makes the following challenges to the amount claimed:

* it claims that certain phone calls pertained to "personal" or "social" matters or unrelated legal matters that plaintiff's counsel was working on with defendant's counsel;

* it claims that "many of the calls in question may not have required an attorney to make them";

* it contests the rate of $150.00 per hour for attorney time, and suggests that $100.00 per hour would be reasonable;

* it contests the rate of $50.00 per hour for paralegal time;

* it contests a charge for one hour for preparation of proposed findings of fact and conclusions of law; and

* it suggests that the hours claimed should be reduced by one-third to account for the fact that plaintiff did not prevail on a pendent promissory estoppel claim.

3. Attorney's fees awarded under fee-shifting statutes are generally calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. **City of Burlington v. Dague**, **505 U.S. 557 (1992)**.  The resulting figure is the "lodestar," and there is a strong presumption that the lodestar represents a reasonable attorney's fee.  This calculation is, however, the beginning of the determination process -- not necessarily its end result.

4. What constitutes a reasonable hourly rate is determined by the prevailing rate, i.e., the ordinary rate for similar work in the community where the case has been litigated. **Moysis v. DTG Datanet, 278 F.3d 819 (8th Cir. 2002).** The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended. **Hensley v. Eckerhart, 461 U.S. 424 (1983).**

Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to what were performed in this case. Instead, she submits the affidavit of Ron Williams, a law partner of plaintiff's counsel, who therein opines that the fees were "reasonable and necessary to the prosecution to judgment of Plaintiff's claims." While the Court does not doubt the sincerity of Mr. Johnson's opinion, it provides little enlightenment on the issue to be addressed. Nevertheless, "courts may draw on their own experience and knowledge of prevailing market rates" in determining a reasonable rate. **Warnock v. Archer, 397 F.3d 1024 (8th Cir. 2005).** This Court has had similar applications before it on other occasions and, based upon experience, is aware that $150.00 per hour is not an excessive rate for the type of attorney services provided in this case and that $50.00 per hour is is not excessive for the services of a paralegal. These rates will, therefore, be approved.

6. Defendant's other challenges go to whether time was

reasonably expended on the litigation and will be discussed in turn.

(a) The objection that some phone calls do not pertain to the case at hand is well taken in the following respects:

* An entry for September 3, 2004, is for "conference with client on real estate closing in Memphis" for .25 hour.

* An entry on October 24, 2005, is for "phone call to client re: offer from potential buyer," for .25 hour.

* An entry on October 18, 2005, to "correspond with interested buyer of property," for .25 hour.

These charges do not appear to the Court to be reasonably expended in connection with this litigation and they will be disallowed.

(b) The Court finds no basis to pare down the fee application on defendant's objection that a paralegal could have made some of the telephone calls. There is no evidence to support this contention and the Court does not believe that making phone calls is the sort of activity in a legal matter which intrinsically lends itself to being handled by an assistant rather than by a lawyer. To the contrary, the Court believes the opposite to be true.

(c) Defendant contests a charge for one hour for preparation of proposed findings of fact and conclusions of law. The Court agrees that defendant should not be charged for this activity. It may well be, as contended by plaintiff, that this exercise "greatly

aided Plaintiff's counsel in trial preparation." However, there are other charges on the statement for trial preparation which would seem to be duplicative of this charge. Moreover, since proposed findings of fact and conclusions of law are not required in a jury case such as this one, charges for such cannot be considered to have been "reasonably expended."

(d) Defendant contends that the number of hours claimed should be reduced by one-third to account for the fact that plaintiff did not prevail on a pendent promissory estoppel claim.

While defendant is correct that plaintiff did not prevail on this claim, plaintiff was ultimately successful in obtaining complete redress for the wrong she suffered. Case law counsels that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." **Hensley**, *supra*, **461 U.S. at 440**. The fee petition will not, therefore, be reduced simply because of plaintiff's failure to prevail on the promissory estoppel claim.

7. In addition to the challenges mounted by defendant, the Court finds that certain other charges in plaintiff's fee petition should be disallowed as not being reasonably expended.

The following time charges for which reimbursement is claimed include a significant amount of time expended because, through no fault of either the defendant or the Court, plaintiff failed to

comply with the Court's Scheduling Order.

That Order, dated April 1, 2005, called for discovery to be completed by July 25, 2005, and dispositive motions to be filed by July 25, 2005 (dates which were proposed by the parties). Trial was scheduled for September 26, 2005.

(a) On August 25, 2005, plaintiff sought to extend the deadlines for disclosing expert witnesses and filing dispositive motions, so as to include a witness on the issue of damages, which witness was first disclosed by plaintiff on August 24, 2005. It was represented that these matters had been neglected by plaintiff "[d]ue to the expectation of a negotiation of this case."

(b) On August 30, 2005, plaintiff filed a "supplemental" motion to extend the deadline for disclosing expert witnesses. Except for the addition of the word "supplemental" in the title of the motion, it was identical to the August 25 motion.

(c) It would appear that neither of the foregoing motions would have been required had the Court's Scheduling Order been scrupulously followed. These motions account for a significant portion[1] of 15.09 hours billed between August 23 and August 30.

(d) On September 12, 2005, defendant filed a motion to continue, citing shortcomings in connection with plaintiff's expert witness disclosures. Plaintiff's objection thereto, and

---

[1] Plaintiff's attorneys follow the practice of lumping a group of services into one portion of time, making it impossible to determine exactly how much of that time was spent on any one of the services lumped together.

the telephone calls related to continuing the trial and rescheduling it, account for a significant portion of 6.41 hours billed between September 12 and October 6.

This motion, coming so close to the September 26 trial date, also overlapped with trial preparation on the part of plaintiff.[2] Between September 12 and September 20 (when the case was ordered continued), trial preparation accounted for six hours of attorney time. Judging from the trial preparation charges made in close proximity to the actual trial date, it appears that essentially all of this work was simply repeated. The result would seem to be that the work was simply done -- and billed -- twice. The Court does not suggest that this was improper. However, it does not believe that charges for such activities can reasonably be shifted on petition after the conclusion of a case.

As can be seen from the foregoing, considerable attorney time was expended on problems which need not have arisen. Accordingly, such time is not "reasonably expended" when contemplating what an opponent must pay on a fee petition. Therefore, the Court believes it is appropriate to disallow a total of twenty hours of attorney time for these problems.

8. Other attorney time which appears to the Court to have been unnecessarily expended includes the following charges:

  \*   One and one half hours charged on August 26, 2005, for

---

[2]Of course, it would have done the same for defendant, but it is only plaintiff's fees that are at issue here.

"Court Appearance to file Motions." This time will be disallowed because by August 26, 2005, all filings in this Court were handled electronically, and this task could have been accomplished in a few minutes by a secretary or paralegal.

\* Two and one third hours for reviewing depositions on January 14, 2006, by Jim Roe. One hour of this will be disallowed because Roe was not responsible for questioning, at trial, two of the five witnesses whose depositions he reviewed.

\* Nine hours for "Court Appearance for trial and trial preparation" on January 17, 2006, for attorney Roe. This will be disallowed in its entirety, as being redundant of the time charged for attorney Tim Hutchinson, who also represented plaintiff. While plaintiff may elect to have multiple attorneys performing the same work (such as attending trial), when fees are shifted pursuant to statute the Court must determine what is reasonable and not merely act as a conduit to shift to the paying party the whatever fees the successful party chose to incur. Considering the nature of this case, the Court sees no need for two attorneys to have represented plaintiff.

9. Having completed its analysis of the objections made by defendant -- and those perceived by the Court, itself -- the Court now returns to the initial calculation of fees which is characterized as the "lodestar." While the Court rejects defendant's contention that the total fee should be reduced by one-

third because of plaintiff's failure to prevail on the promissory estoppel claim, it believes that some reduction is in order for other reasons. This was not a complicated case and, in fact, centered essentially on the issue of damages since liability could be and was determined -- by the Court -- on essentially undisputed facts. Accordingly, for fee shifting purposes, the Court concludes that the "lodestar" amount is excessive and should be reduced by a factor of twenty percent (20%).

10.  For the foregoing reasons, the total amount of attorney's fees requested ($28,487.50) will be reduced as follows:

* 33.25 hours @ $150.00, or $4,987.50 will be deducted from the total request of $28,487.50;
* 20% of the remaining $23,500.00, or $4,700.00, will be deducted;

for a total attorney's fee of $18,800.00.

11.  There is no challenge to the costs claimed by plaintiff, and they appear to be "properly part of a fee award as items reasonably charged by attorneys to their clients." **Warnock**, *supra*, **397 F.3d at 1027.** Those costs will be awarded in full, in the amount of $4,313.61.

12.  Plaintiff requests pre-judgment interest, based on **Winter v. Cerro Gordo County Conservation Board**, **925 F.2d 1069 (8th Cir. 1991),** wherein it was said that "pre-judgment interest is awarded when the amount is reasonably ascertainable and to make the

claimant whole because he or she has been denied the use of the money."

Defendant objects to such an award, pointing out that plaintiff was awarded $4,500.00 by the jury for loss of use of her property, and arguing that it would be duplicative to allow prejudgement interest, which is essentially another form of loss of use damages.

The Court finds that an award of pre-judgment interest is not justified in the case at bar. Plaintiff's damages were not, in the Court's view, reasonably ascertainable before the jury returned its verdict. This was a contested issue and the jury verdict could have varied widely. In addition, the verdict was broken out into two interrogatories, one of which awarded compensation for damages to plaintiff's property, and the other of which awarded her compensation for "loss of use of her house." Thus, she has already been compensated, through the jury's award, for loss of use damages.

Given the foregoing, the Court finds that an award of pre-judgment interest is not justified in this case.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion For Attorney Fees And Prejudgment Interest** (document #38) is **granted in part and denied in part**.

The motion is **granted** insofar as it seeks an award of attorney's fees, and plaintiff is awarded an attorney's fee,

including costs, of Twenty-Three Thousand One Hundred Thirteen and 61/100 Dollars ($23,113.61).

The motion is **denied** insofar as it seeks an award of pre-judgment interest.

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**